Richard F. Kuhnen, J.
This is an application for an order rejecting the referee’s report in this mortgage foreclosure action. The report of sale filed April 5, 1975 listed $6,007.45 in surplus money. After allowance for a fee to the referee, the remaining balance would be available to creditors in accordance with the priorities of their liens. The referee’s surplus money report filed April 24, 1975 rejected the claims of all but three of the creditors to the surplus money. The claim of New York State Electric & Gas Corporation in the amount of $487.03 was allowed in full by the referee and the remaining funds were apportioned between the mechanic’s liens of Skil- *199 Bilt Fence Co., Inc. and Kenneth E. Hill on a ratio of 48.384% for Skil-Bilt and 51.616% for Hill.
Skil-Bilt now challenges that finding by arguing that it is entitled to the rights of a judgment creditor, not a mechanic’s lienor, and that as such its claim has priority over the subsequently filed mechanic’s lien of Kenneth E. Hill. Skil-Bilt has both a mechanic’s lien and a judgment lien. Initially, Skil-Bilt filed a mechanic’s lien against the mortgaged property on July 13, 1973. Thereafter, on November 7, 1973, Skil-Bilt docketed a confession of judgment against Oakwood Holding Corporation, owner of the property. The lien and the judgment are based upon the same debt for labor and materials furnished in the improvement of this real property and both are prior in time to Hill’s mechanic’s lien which was filed November 9, 1973.
Skil-Bilt argued to the referee that under subdivision (1) of section 13 of the Lien Law a money judgment based upon a claim for materials furnished or labor performed takes priority over all later filed mechanic’s liens. The referee rejected this argument and instead held that the proper interpretation of this statute is that "all mechanic and judgment lienors are to be treated equally except where mechanic lienors are specifically and clearly given a priority over later recorded or docketed conveyances, mortgages or judgments.”
The referee’s decision appears to be based on the assumption that the priorities of all liens in competition with mechanic’s liens are created and set by subdivision (1) of section 13 of the Lien Law. In line with this reasoning, the referee determined the rank to be accorded a judgment of the type held by Skil-Bilt by first referring to the language of this statute and, finding no express direction, by reference to the statute’s legislative intent. The referee concluded that the purpose of subdivision (1) of section 13 of the Lien Law is to place on a par all claims for labor, materials and money used in the improvement of real property, regardless of the manner in which the claim is prosecuted. Thus, it was held that the Skil-Bilt and Hill liens were entitled to the same priority and on this basis the pro rata distribution of the surplus moneys was made.
The difficulty with this approach is that it fails to recognize that lien priorities are not strictly matters of statutory creation and concern, but instead are governed in the first instance by the common law. (See 35 NY Jur, Liens, § 36.) The *200 common-law rule of first in time, first in right may of course be altered by statute, but in the absence of any legislative changes it is well established that the common-law rule still controls. (See Booth v Bunce, 33 NY 139.)
Accordingly, where a statute expressly decrees that one lien shall have a preference over another, regardless of the order in which they are filed, the common law is to that extent displaced. However, where the statute in question fails to speak, the priority of the lien is determined not by the legislative intent of the statute but rather by the common-law rule which establishes lien priorities in the order of acquisition, first in time standing first in the order of rank. (See 51 Am Jur 2d, Liens, § 57.)
Subdivision (1) of section 13 provides that a mechanic’s lien shall have priority over a later docketed judgment. The statute also accords a mechanic’s lien preference over any judgment which, in whole or in part, is not based upon a claim for materials furnished, labor performed or moneys advanced for the improvement of the real property to which the lien has attached. But as to a judgment lien arising out of a claim for money, labor or materials used in the improvement of real property, which was docketed prior to a mechanic’s lien, the statute is silent. Under such circumstances, common-law rule must prevail. Therefore, since Skil-Bilt’s judgment was docketed prior to the date upon which Kenneth E. Hill filed his notice of mechanic’s lien, Skil-Bilt must be accorded priority to the surplus moneys.
It is also argued that Skil-Bilt, after having first filed a mechanic’s lien, should not be permitted to later advance the position of its lien by converting its claim into a judgment. The court can find no rule of law based upon statute, case law or public policy which would prohibit a party under these circumstances from seeking the additional security of a judgment lien. Nor is the court familiar with any rule of law which would bind such a party to the lower priority of a later filed mechanic’s lien.
The referee’s report is confirmed except insofar as it fails to recognize the priority of the Skil-Bilt judgment lien over the later filed mechanic’s lien of Kenneth E. Hill. To that extent the report is rejected and the court finds as indicated above.